UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | 3:22-CR-378-N |
| § | |
| **RAYNALDO RIVERA ORTIZ, JR,** § | |

**Motion to Dismiss Counts One through Five because Absence of "Tampering" Is Established as a Matter of Law, or, Alternatively, for Failure of Indictment to State an Offense in These Counts**

TO THE HONORABLE CHIEF JUDGE DAVID C. GODBEY:

Defendant respectfully moves this Court to dismiss Counts One through Five for two reasons. First, the undisputed facts will show the absence of "tampering" within the meaning of the statute as a matter of law. Second, these Counts of the Indictment do not allege acts that constitute "tampering."

Section 1365(a) punishes:

[w]hoever, with reckless disregard for the risk that another person will be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk, tampers with any consumer product that affects interstate or foreign commerce, or the labeling of, or container for, any such product, or attempts to do so…

Although it did define several terms in this statute, "Congress did not define the term 'tamper[.]'" *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014)(citing 18 U.S.C. §1365(h)). This Court "interpret[s] undefined terms according to their ordinary and natural meaning and the overall policies and objectives of the statute." *United States v. Orellana*, 405 F.3d 360, 365 (5th Cir. 2005).

The natural meaning of the term "tamper" implies that the tampering party lack authority to manipulate the item. As the Ninth Circuit observed in *United States v. Lyle*, 742 F.3d 434 (9th Cir. 2014), the natural meaning of the term "tamper" is reflected in its definitions in Black's Law, the Oxford English Dictionary, and the American Heritage Dictionary, all three of which equate it to the term "meddle." *Lyle*, 742 F.3d at 437 (quoting *Tamper* Definition, *Black's Law Dictionary* 1592 (9th ed.2009)("[t]o ***meddle*** so as to alter (a thing); esp., to make changes that are illegal, corrupting, or perverting."), *Tamper* Definition, *http://www.oed.com/* (last visited March 9, 2024)("[t]o have to do or interfere with improperly; to ***meddle*** with (a thing)," and "[t]o meddle or interfere with (a thing) so as to misuse, alter, corrupt, or pervert it." ), and *Tamper* Definition, *http://www.ahdictionary.com/* (last visited March 24, 2024)("to interfere in a harmful or disruptive manner; ***meddle***[,]" "[t]o make alterations or adjustments, especially secretly so as to subvert an intended purpose or function[,]" "[t]o tinker rashly or foolishly[,]" and "to alter improperly")(emphasis added).

One does not "meddle" with his or her own affairs, nor with his or her own property. Accordingly, the natural meaning of the term "tamper," equated by three dictionaries to "meddle," does not apply when the defendant alters items he or she possesses a lawful right to access or manipulate.

This is confirmed by the statutory structure. Subsection (b) punishes "whoever, with intent to cause serious injury to the business of any person, ***taints*** any consumer product …" 18 U.S.C. §1365(b). The use of distinct terminology in these adjacent Subsections of the same statute implies an intent to describe distinct acts. *See Russello v. United States*, 464 U.S. 16, 23 (1983)("'[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and

purposely in the disparate inclusion or exclusion.'")(quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)). While a defendant may be convicted of "tainting" any product by altering it in a damaging way, he or she only "tampers" with items he or she cannot lawfully access or manipulate.

Federal Rule of Criminal Procedure 12(a) authorizes "[a] party [to] raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." In this Circuit, "'[t]he propriety of granting a motion to dismiss an indictment ... by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact.... If a question of law is involved, then consideration of the motion is generally proper.'" *United States v. Fontenot*, 665 F.3d 640, 644–45 (5th Cir. 2011)(quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir.2005), *abrogation on other grounds (agency deference) recognized by Unuited States v. Garcia*, 707 Fed.Appx. 231 (5th Cir. 2017)(unpublished) (internal quotation marks and citations omitted by *Fontenot*)).

In practice, that means that the Court may dismiss the Indictment if the undisputed facts defeat criminal liability. *See Flores*, 404 F.3d at 323-326. The Fifth Circuit has rejected an interpretation of Rule 12 that would limit the factual inquiry to the Indictment itself – if the facts are undisputed in material respects, the Court may proceed. *See id.*

Here, the defense anticipates that it will be undisputed that Dr. Ortiz had lawful authority to handle the allegedly tampered-with IV bags. He worked at the facility, and was permitted to use the bags for his own surgeries. The Indictment alleges that he had access to the bags, and while it says that he was not "responsible" for placing the bags in the warmer, it neither says nor implies that he was forbidden to do so. His authority to handle the IV bags is established by record testimony at the preliminary detention, which shows that Dr. Ortiz was "the

anesthesiologist for numerous surgeries from May of 2022 through August of 2022 at that surgery center," Preliminary Detention Hearing *United States v. Ortiz*, 3:22-mj-00884-BK-1, p.17 lines 6-9 (Sept. 19, 2022)("Detention Transcript"), and that while it was unusual for doctors to handle IV bags in the warmer, it was not unheard of, *see* Detention Transcript, at p.45, line 24-p.46, line 12. It can be further established by testimony if the Court convenes a hearing on the instant motion.

Of course, the government will note that Dr. Ortiz lacked any authority to place dangerous chemicals into saline IV bags for malicious purposes. That point, however, is not disputed, and does not establish the tampering element; were the defendant's allegedly malicious motive cognizable in determining the "tampering element," Section 1365(a) would effectively require only tainting. As noted above, the statute intends to distinguish these concepts.

Alternatively, the Court should grant the Motion because the allegations of the Indictment do not constitute "tampering," and Counts One through Five accordingly suffer from "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). The Indictment alleges that Dr. Ortiz had access to the IV bags, and from context it can be determined that this access arose from his lawful employment at the facility. Further, the Indictment neither alleges nor implies that he was forbidden to access the bags.

## CONCLUSION

Defendant respectfully moves this Court to dismiss Counts One through Five of the Indictment, or alternatively, to convene a hearing to resolve any factual dispute relevant to the question of whether he had the right to possess and manipulate the IV bags referenced in the Indictment.

Respectfully submitted,

*/s/ John M. Nicholson*
JOHN M. NICHOLSON
Assistant Federal Public Defender
Northern District of Texas
Texas Bar # 24013240
525 Griffin Street, Suite 629
Dallas, Texas 75202
Phone (214) 767-2746
Fax (214) 767-2886
john_nicholson@fd.org

*s/ Marti R. Morgan*
MARTI R. MORGAN
Assistant Federal Public Defender
Northern District of Texas
Florida Bar # 91879
525 Griffin Street, Suite 629
Dallas, Texas 75202
Phone (214) 767-2746
Fax (214) 767-2886
marti_morgan@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2024, I electronically filed the foregoing document using the Court's CM/ECF system, thereby providing service on attorneys of record.

*/s/ John M. Nicholson*
JOHN M. NICHOLSON